135 So.2d 267

**UNITED GAS PIPE LINE COMPANY**

v.

**LOUISIANA PUBLIC SERVICE COMMISSION.**

No. 45775.

Dec. 11, 1961.

1. This judgment authorized United Gas Pipe Line Company "to make effective immediately revised rate schedules for natural gas service in its Southwest Louisiana Zone which will produce additional revenues adequate to recover the cost of gas delivered to Southwest Louisiana Zone

Jack P. F. Gremillion, Atty. Gen., Joseph H. Kavanaugh, Asst. to the Atty. Gen., for defendant-appellant.

C. Huffman Lewis, John M. Madison, Vernon W. Woods, E. J. Freiberg, Saunders Gregg, Willis L. Meadows, Wilkinson, Lewis, Madison & Woods, Shreveport, for appellee.

HAWTHORNE, Justice.

This is an appeal by the Louisiana Public Service Commission from a judgment[1] of

customers based on the specific cost of gas purchased by Plaintiff within the Southwest Louisiana Zone. The required additional revenues are found to be $503,-354, based on costs and revenues for the test period, twelve months ended November 30, 1959, adjusted * * *".

the district court reversing the commission's Order No. 8394 only insofar as it used United Gas Pipe Line Company's system-wide average cost of purchased gas in fixing rates for natural gas service in the Southwest Louisiana Zone.[2]

This case is a sequel or companion to United Gas Pipe Line Co. v. Louisiana Public Service Comm., decided by this court in May of this year, 241 La. 687, 130 So.2d 652. That case involved rates for intrastate natural gas service rendered by the same plaintiff in its New Orleans Zone; otherwise the controlling facts are the same in both cases. It is pertinent to note, however, as stated in United's brief in the instant case, that "All gas sold by United in the Southwest Louisiana Zone. is produced, transported and sold in South Louisiana. United brings no gas into the Southwest Louisiana Zone, or into South Louisiana, from any source and it could not do so unless it reversed the flow of gas in its pipelines leading away from South Louisi-

ana and ceased serving a great number of its customers. United's facilities constitute two separate systems with smaller interconnecting facilities. One system runs north from Southern Louisiana, and the other runs northeast and north from Southern Texas".

The commission here, as it did in the prior case, takes the position that the gas supply costs assigned to the zone should be based upon the average of United's system-wide cost excluding the unconnected Northwest Mississippi Zone. In the former case this court rejected this contention of the commission and supported its holding by reasons and authorities which we need not reiterate here. In this case the commission advances no new arguments to support its position, having submitted this case without oral argument and relying entirely on its brief filed in the former case. The former decision is controlling here.

For the reasons assigned the judgment appealed from is affirmed.

2. The Southwest Louisiana Zone extends north from the Gulf Coast to approximately the northern borders of Vernon, Rapides, and Avoyelles parishes; it is bordered on the west mainly by the Texas-Louisiana state line and on the east by the New Orleans Zone, the border between the two zones being an irregular line running south from the eastern border of Avoyelles Parish through St. Landry, St. Martin, Iberia, and St. Mary parishes to the Gulf Coast.